J-S15015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY RANDELL MULLIGAN | : | |
| | : | |
| Appellant | : | No. 513 WDA 2020 |

Appeal from the PCRA Order Entered March 17, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003020-2006

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED: August 2, 2021**

Jeremy Randell Mulligan appeals from the order, entered in the Court of Common Pleas of Erie County, dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

This Court previously summarized the history of this case as follows:

A jury convicted Mulligan of attempted homicide and related crimes[i] in 2007, based on Mulligan's shooting of his girlfriend. The court sentenced him to serve 23 ½ to 47 years' incarceration. We affirmed Mulligan's judgment of sentence on October 17, 2008.  [*See Commonwealth v. Mulligan*, 964 A.2d 442 (Pa. Super. 2008) (Table).]  Mulligan filed his first two PCRA petitions in 2009 and 2010.[ii] The PCRA court dismissed both petitions, and this Court affirmed.  [*See Commonwealth v. Mulligan*, 23 A.3d 597 (Pa. Super. 2010) (Table); *Commonwealth v. Mulligan*, 47 A.3d 1242 (Pa. Super. 2012) (Table), *appeal denied*, 50 A.3d 125 (Pa. 2012).]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[i] The jury convicted Mulligan of attempted homicide, aggravated assault, recklessly endangering another person, firearms not to be carried without a license, and possessing an instrument of crime. *See* 18 Pa.C.S.A. §§ 2501(a), 2702(a)(1), 2705, 6106(a)(1), and 907(b), respectively.

[ii] The court appointed counsel on Mulligan's first and second PCRA petitions. The court permitted counsel on the second petition to withdraw after the dismissal of the petition was under appeal, following a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[In May of 2017,] Mulligan filed a third PCRA petition, with the assistance of counsel. Mulligan argued that his trial counsel was ineffective for failing to object to the trial court's attempted murder instruction, which allegedly permitted the jury to convict Mulligan of attempted third-degree murder, a legal impossibility. Mulligan also argued that his previous PCRA counsel were ineffective for failing to raise the claim of trial counsel's ineffectiveness. Mulligan asserted the petition was timely because the PCRA statute was subject to equitable tolling, and Mulligan had diligently pursued his rights through a direct appeal and multiple PCRA petitions. Approximately two months later, the PCRA court issued a [Pa.R.Crim.P.] 907 notice of its intent to dismiss Mulligan's third petition without a hearing. *See* Pa.R.Crim.P. 907. Mulligan's counsel did not respond to the notice.

Mulligan thereafter filed a *pro se* "Application for Assignment of Counsel." Mulligan asserted that he had hired counsel to represent him [and] fil[e] his third petition, counsel had agreed to represent Mulligan through an appeal of the third petition, and Mulligan had been unable to contact counsel.

Before the court ruled on that Application, and while his third PCRA petition was still pending, Mulligan filed a *pro se* "Petition for Modification of Relief," in which he sought a Recidivism Risk Reduction Incentive ("RRRI") sentence ("the RRRI Petition") [*See* 61 Pa.C.S.A. §§ 4501-4512.] The PCRA court did not forward a copy of this petition to Mulligan's counsel. Instead, the court treated it as a fourth PCRA petition[] and issued Rule 907 notice of its intent to dismiss it. The court stated that the petition was untimely and that, in any event, Mulligan's convictions for attempted homicide and aggravated assault disqualified him from RRRI eligibility. The PCRA court thereafter issued a final order

> dismissing the RRRI Petition for the reasons stated in its Rule 907 notice ("the RRRI Order").
>
> Mulligan, through counsel, filed a notice of appeal from the RRRI Order. The only issues Mulligan [raised] on appeal relate[d] to the claims in his third PCRA petition, which [was] still pending in the PCRA court.[1]

***Commonwealth v. Mulligan***, 145 WDA 2019, 1-4 (Pa. Super. filed Dec. 10, 2019) (unpublished memorandum decision) (some internal footnotes omitted).

Because Mulligan's third PCRA petition was still pending before the PCRA court at the time he filed his *pro se* RRRI Petition, which the PCRA court did not forward to Mulligan's counsel, and because Mulligan's counsel had not yet been granted leave to withdraw, this Court vacated the PCRA court's order dismissing the RRRI Petition on its merits and remanded for further proceedings. ***See id.***; ***see also Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016) (while petitioner represented by counsel, any *pro se* filings are legal nullities); ***Commonwealth v. Jette***, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion.").

Upon remand, on March 17, 2020, the PCRA court dismissed Mulligan's third PCRA petition. Mulligan timely filed a notice of appeal and court-ordered

---

[1] Mulligan raised the issues of whether ***Commonwealth v. Peterkin***, 722 A.2d 638 (Pa. 1988), which holds that the PCRA does not recognize equitable tolling, was correctly decided under statutory construction principles, and whether trial counsel was ineffective for failing to object to the court's jury instructions regarding attempted homicide.

Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Mulligan raises the following issues for our review:

1. Whether **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1988), which holds that the PCRA [] does[ not] recognize equitable tolling, was correctly decided under statutory construction principles[, the] U.S. Const[itution, Amendments] 6, 8, [and] 14[, and the Pennsylvania Constitution, Article] I, §[§] 8 [and] 9.

2. Whether trial counsel was ineffective for failing to object to the trial court's attempted murder instruction because it permitted the jury to convict [] Mulligan for attempted third-degree murder[,] a nonexistent criminal offense under the Pennsylvania Criminal Code[.]

Brief of Appellant, at 3.

Before discussing the merits of those issues, we must first determine whether Mulligan's serial petition for post-conviction relief was timely filed. It is well-settled that "[the PCRA's] time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time limit for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[2] A PCRA petition

_____

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the

*(Footnote Continued Next Page)*

invoking one of these statutory exceptions "must be filed within sixty days of the date the claim could first have been presented." **See Commonwealth v. Hernandez**, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).[3]  Under the PCRA, a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A § 9545(b)(3).[4]

_____

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. **Id.** at § 3.  In this case, Mulligan's claim arises from the alleged ineffectiveness of trial counsel during his criminal trial in 2007. Therefore, the sixty-day deadline applies.

[4] This Court affirmed Mulligan's judgment of sentence on October 17, 2008. **See Commonwealth v. Mulligan**, 964 A.2d 442 (Pa. Super. 2008) (Table). Pursuant to Pa.R.A.P. 1113(a), Mulligan had 30 days therefrom to file a petition for allowance of appeal with the Pennsylvania Supreme Court. **See** *(Footnote Continued Next Page)*

Instantly, Mulligan does not argue any exception to the PCRA's time-bar. Instead, Mulligan asserts that the Pennsylvania Supreme Court wrongfully decided **Peterkin** in that the General Assembly did not intend for the PCRA's "one-year limitations period [to be] jurisdictional," and did not intend to prohibit equitable tolling under extraordinary circumstances where the defendant diligently pursued his PCRA rights. **See** Brief of Appellant, at 15-38. Mulligan asks "[t]hat th[is] Court overturn **Peterkin**" and "substantively review his defaulted trial counsel ineffectiveness claim." **Id.** at 46. This, we cannot do. **See Commonwealth v. Santiago**, 160 A.3d 814, 831 n.6 (Pa. Super. 2017) ("As an intermediate appellate court, [] we cannot refuse to apply [precedent from the Supreme Court of Pennsylvania], much less overturn it."); **see also Commonwealth v. Abu-Jamal**, 833 A.2d 719, 728 n.5 (Pa. 2003) (declining to overturn **Peterkin**).

Because Mulligan has failed to plead and prove an exception to the PCRA's time-bar, the PCRA court properly dismissed his serial petition as untimely. **See Peterkin**, **supra**; **see also Hernandez**, **supra**.

Order affirmed.

_____

Pa.R.A.P. 1113(a). Mulligan did not do so. Therefore, his judgment of sentence became final on November 16, 2008, upon the expiration of time for seeking direct review. **See** 42 Pa.C.S.A. § 9545(b)(3). The instant petition, filed on May 22, 2017, is patently untimely.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/2/2021